## EDMUND B. SHELDON *vs.* SUSAN F. C. WILBUR, Admx.

### JANUARY 20, 1911.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Evidence.*

Where an immaterial question which, considered by itself, would not be likely to produce any results of which the adverse party could complain, received an answer irresponsive to the question; but no objection was taken to such answer, and no request made to have it stricken out, and no objection taken to remarks of the court which were also irrelevant under the circumstances, an exception to the ruling of the court, admitting the question, will be overruled.

(2) *Evidence.*

Where testimony had been offered without objection, as to certain deposits of decedent in various banks, then the inventory of the estate was admitted after objection, and thereafter further testimony covering the deposits referred to in the inventory was introduced, also without objection, the admission of the inventory was not prejudicial.

(3) *Charge to Jury.*

Where no exception is taken to a charge and no special requests to charge are preferred, it must be considered that the charge correctly stated the law of the case.

ASSUMPSIT. Heard on exceptions of plaintiff, and overruled.

PER CURIAM. This is an action of assumpsit wherein the declaration is in two counts, whereof the first sets out the making of a promissory note by Abbie A. Hoxsie since deceased, for the sum of one thousand dollars, value received, payable to said Edmund B. Sheldon on demand, with interest. The second count contains the common counts in assumpsit for the sum of one thousand dollars. Each count contains an averment of due presentation of the claim against the estate of said decedent. In addition to the general issue, the defendant denied that the decedent signed the note in question, and gave notice to the plaintiff to prove the signatures, not only of the maker, but also of the witnesses to the note in suit. The defendant also alleged that the plaintiff did not file his claim in the office of the clerk of the Probate Court, according to law.

The case was tried in the Superior Court, and after verdict
for the defendant the plaintiff filed his motion for a new trial
upon the ground that the verdict was against the law and
evidence, and, this motion being denied, the plaintiff duly
excepted thereto and gave notice of his intention to prosecute
a bill of exceptions upon all the exceptions taken at said trial.
The plaintiff thereupon duly prosecuted his bill of exceptions,
wherein he relies upon the three following:

"I.   The said defendant offered at said trial, to support the
issues on her part, a certain witness, to wit, one William B.
Matteson, and of him, asked the question, 'Did you ever know
of any bill that she owed during the time you were with her?'
to which the said plaintiff, by his counsel, objected, which
objection the Court overruled, and allowed the said witness to
make the answer, 'she said that she calculated to keep her
bills paid up, with the exception of me and Halsey Clarke—
we did writing—she calculated to keep them paid; sometimes
she was afraid she would be a little short,' to which ruling of
the said court, in overruling the objection and permitting said
witness to make answer, the said plaintiff then and there duly
excepted.

"II.   During the trial of said cause the defendant, by her
counsel, presented and offered in evidence the appraiser's
report on the estate of Abby A. Hoxsie, to show what the assets
of such estate were at the time of her decease, to the introduction
of which in evidence, the plaintiff, by his counsel, objected, which
said objection the court overruled, and allowed the inventory
of the estate of Abby A. Hoxsie to be introduced in evidence,
to which said ruling of the said court in overruling said objec-
tion and permitting the aforesaid inventory to be introduced
in evidence, the said plaintiff then and there duly excepted.

"III.   That the said jury, under the instructions of the said
Court, took the case under consideration, and returned a ver-
dict for the said defendant, and thereafterwards within the
time prescribed by law, to wit, on the —— day of September,
A. D. 1909, the said plaintiff, by his counsel, did file his motion
in writing to set aside the said verdict of the said jury and grant

.a new trial therein upon the grounds following, that is to say .(a) 'that the verdict is against the law,' (b) 'that the verdict is against the evidence and the weight thereof,' and hearing thereon was had on the 19th day of November before the said ·Court at South Kingstown, aforesaid; but the Court refused to grant said motion, to which ruling of the court to grant said motion, the said plaintiff, by his counsel, then and there duly excepted.''

In order to appreciate the situation in which the question referred to in the first exception was asked, it may be well to state that the plaintiff had testified that the note in suit was given for work, labor, etc., performed during the years from 1895 to 1907, inclusive; that the witness had sworn that he lived at Abbie A. Hoxsie's fourteen or fifteen years; that the questions and answers immediately preceding the question under consideration were as follows: "Q. 69. How was she at that time? A. Well, she was weak. She seemed to have all her abilities all right. She knowed me, and talked very distinctly and plain, everything all right. She appeared to be a little weak. Q. 70. She knew you better than anyone else? A. Oh, yes. Q. 71. Did she ever say anything to you about a note she made, at that time? A. No, sir; she never did.'' ·The question asked is framed so as to call for a categorical answer, founded upon the personal knowledge of the witness. It is not adapted to extract information concerning the habits .of the decedent. It was an immaterial question, and, considered by itself, was unlikely to produce any results of which .the plaintiff would have a right to complain. The answer, it is true, did contain a statement of what the decedent said. .This was irresponsive to the question, but no objection was made to the answer, nor was there any request to the court to have the same stricken out. The ruling of the court to which exception was taken was the ruling permitting the question to · be asked. The remarks of the court concerning the habits of a .person, etc., were irrelevant, because no such question was then before the court. The exception was not taken to the remarks,

but to the ruling of the court. The exception is, therefore, overruled.

(2) The second exception is likewise without merit. The evidence, inventory of the estate of Abbie A. Hoxsie, concerning which the objection was offered, was first referred to in the manner following: Oscar E. Barber, called as a witness for the plaintiff, testified as follows: "Q. 8. Did Halsey P. Clarke qualify as executor of the will of Abbie A. Hoxsie? A. Yes, sir. Q. 9. When? A. I don't know whether that paper is here, or not. All the papers I have here are what was turned over to me. I don't think that paper is here. Mr. Olney: Is there any dispute about that? Witness: He qualified,—the inventory here is returned. Mr. Tirrell: I don't think there is any dispute about it. Mr. Olney: That is admitted." However, the inventory was not tendered in evidence at that time, and when it was offered it corroborated testimony for the defendant which had been given without objection upon the part of the plaintiff, as follows: William B. Matteson, called as a witness for the defendant, testified: "Q. 14. Now Mrs. Hoxsie had some little money in the bank, did she not? A. Yes, sir. Q. 15. Do you know what bank she had the money in? A. She had money in East Greenwich, Wickford, Kingston, and two banks at Westerly. Q. 16. You knew by the bank books that she had? A. Yes, sir. Q. 17. Where did she keep them? A. She kept them in her desk. Q. 18. After she died what became of them? A. After she died, a little previous to her death, she requested me to lock them up until her will was probated. Q. 19. Did she say anything about locking them up until the will was probated? A. No. Q. 20. You took care of them for her? A. I took care of them up till the will was probated and delivered them to Mr. Clarke, the executor."

It appeared from the inventory that there were certain deposits in savings banks and trust companies amounting to a little over thirty-three hundred dollars. After the introduction of the inventory, Mr. Tirrell was called by the defendant, and, without objection, testified fully concerning the bank books

of Abbie A. Hoxsie and her deposits in the various institutions referred to in the inventory. We are unable to discover that the introduction of this evidence was prejudicial to the plaintiff, and this exception is therefore overruled.

The third exception is to the refusal of the trial court to grant the plaintiff's motion for a new trial on the grounds that the verdict is against the law, and against the evidence and the weight thereof.

(3)    The plaintiff took no exception to the charge given by the court to the jury; preferred no special requests, and was apparently satisfied therewith. It must, therefore, be considered that such charge correctly stated the law of the case; and we do not find that the verdict of the jury is against the law as so .stated. The jury saw and heard all the witnesses, and had full opportunity to judge of their credibility. The jury were bound to determine and decide, upon all the evidence before them, whether or not the deceased Mrs. Hoxsie did as a. matter of fact authorize and direct the drawing the note and the signing thereof, and did make her mark thereon; whether she intended the note as a gift, or as payment of a debt; whether she understood the purpose and effect of the instrument at the time of its execution. And in coming to their conclusion as to these questions, the jury had, and undoubtedly exercised, the right to weigh all the testimony, to consider the age, illiteracy, and serious illness and weakness of the deceased, the fact that she was at the time in the home of and under the care of the plaintiff and his wife, and subject to their influence; also to consider the testimony of the plaintiff himself; that he had kept an itemized account of his twelve years' services, together with other accounts, in a small pocket memorandum book, like a diary, and that the items were carried out in definite amounts and added up; and that he had never demanded any money or suggested payment of this long standing account from the deceased until just before she made the note in suit, and while she was ill at his house; that it does not appear that he had ever shown this book or account to any one (save possibly to his wife), except the deceased, and that he had never

made any claim upon her, or showed her this account, until just before the date of the note; that he had lost the book between the date of the note and the date of trial, and was only able to testify in the most general and meagre way, with very little detail, about the items of this account which he had so carefully kept for so many years. Since the jury, under proper instructions of the court, after weighing all these facts and circumstances and all the other facts in the case, and seeing and hearing the witnesses, have found a verdict for the defendant, which has been approved by the judge who presided at the trial, we are unable to say that such verdict was not warranted by the evidence. This exception is therefore overruled.

The case is remitted to the Superior Court, with direction to enter judgment upon the verdict for the defendant.

*Frederick C. Olney,* for plaintiff.

*Walter H. Barney, Prince H. Tirrell,* for defendant.